IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-161-FL

| | |
|---|---|
| In re: )<br>)<br>ROBERT V. RODGERS, )<br>)<br>Debtor, )<br>_____ )<br>)<br>ROBERT V. RODGERS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>PREFERRED CAROLINAS REALTY, )<br>INC.; JAMES E. ALLEN, JR.; JIM )<br>ALLEN GROUP, INC.; HARRY )<br>JAMES THORPE; RANDALL )<br>EICHORN; LISA EICHORN; W. )<br>SIDNEY ALDRIDGE; and NICHOLLS )<br>& CRAMPTON, P.A.; )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on motion by plaintiff to withdraw reference of an adversary proceeding referred to the U.S. Bankruptcy Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 157(d). Defendants Randall and Lisa Eichorn responded in opposition, and the motion is now ripe for review.

The court has broad discretion to withdraw reference of a case or proceeding for cause shown. Factors to be considered include whether the proceeding is core or non-core, the uniform administration of bankruptcy proceedings, judicial economy, delay and cost to the parties, the right

to a jury trial, and forum shopping. In re QSM, LLC, 453 B.R. 807, 809-810 (E.D. Va. 2011). The movant has the burden to demonstrate cause for withdrawal. See id.; 28 U.S.C. § 157(d). This court has already found this proceeding to be non-core under the guidance of Stern v. Marshall, 131 U.S. 2594 (2011), which is favorable to plaintiff's motion.

Plaintiff argues that judicial economy and delay and cost to the parties are also favorable for granting his motion to withdraw. This court would have to review *de novo* the findings of the bankruptcy judge on appeal, and it has some previous experience with this case. Plaintiff asserts that it would waste both judicial resources and the parties' time to try the case before a bankruptcy judge only to have it appealed and reviewed in this court *de novo*. Defendants respond that the bankruptcy court has already scheduled hearings for pending motions to take place, and that the bankruptcy court has been presiding over matters in this case for almost three years. Furthermore, defendants raise a concern as to forum shopping, where plaintiff originally filed a voluntary petition for bankruptcy and now seeks to remove.

The court agrees with defendants' arguments. The case at this time shall continue to develop in bankruptcy court. Removing the case now, with matters pending for hearing, would only cause delay as to those motions. In consideration of the arguments raised by the parties and the factors listed above, plaintiff's motion to withdraw reference of an adversary proceeding is DENIED.

SO ORDERED, this the 22ND day of July, 2013.

LOUISE W. FLANAGAN
United States District Judge

2